UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HERRERA, : | |
| Plaintiff : | CIVIL ACTION NO. 3:24-202 |
| v. : | (JUDGE MANNION) |
| DEPARTMENT OF JUSTICE, *et al.*, : | |
| Defendants : | |

FILED
SCRANTON
JAN 13 2025
PER ___JKC___
DEPUTY CLERK

## MEMORANDUM

Presently before the court in this prisoner civil rights case are defendants' motions to dismiss. For the reasons set forth below, the motions will be granted, and this case will be dismissed without prejudice to plaintiff's right to file a new case if he subsequently obtains a court order invalidating his underlying criminal sentence.

I. **BACKGROUND**

Plaintiff, Jeffrey Herrera, is an inmate in the Pennsylvania Department of Corrections, currently housed in Laurel Highlands State Correctional Institution ("SCI-Laurel Highlands"). He filed this case on February 5, 2024. (Doc. 1). According to Herrera's complaint, he was sentenced to a criminal sentence of 10-24 months on April 22, 2020. (*Id.* at 2). Herrera asserts that at some point during this sentence, he should have been released to home

confinement. (*Id.* at 2-3). Herrera asserts that the government's failure to do so during the sentence violated his constitutional rights. (*Id.* at 2-4). He names as defendants various institutions of the Pennsylvania government and the United States government. (*Id.* at 1).

The Pennsylvania Department of Corrections and Pennsylvania Parole Board moved to dismiss the complaint on June 1, 2024. (Doc. 20). The United States of America, United States Department of Justice, and United States Bureau of Prisons filed a separate motion to dismiss on June 28, 2024. (Doc. 22). Herrera has not responded to either motion, and the deadline to do so has expired under the Local Rules. M.D. Pa. L.R. 7.6. Both motions to dismiss are accordingly ripe for the court's review.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain

statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

## III. DISCUSSION

The court liberally construes Herrera's complaint as advancing two alternative theories of liability: (1) that he had a due process right to release to home confinement during his sentence; and (2) that the government's failure to release him to home confinement during the sentence made the sentence unlawful.

Both claims are plainly meritless. To the extent Herrera alleges that he had a due process right to be released to home confinement during his sentence, he is incorrect. Inmates incarcerated by the Pennsylvania Department of Corrections do not have a constitutionally protected liberty interest in being paroled before they have been released from prison. *Fantone v. Latini*, 780 F.3d 184, 186 (3d Cir. 2015).

To the extent Herrera is alternatively asserting that his sentence was unlawful, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

4

court's issuance of a writ of habeas corpus." *Id.* at 486-87. Here, any challenge to the legality of Herrera's previous sentence is clearly barred by *Heck*. The court will accordingly dismiss this claim.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*, 515 F.3d at 245. The court will deny leave to file an amended complaint in the instant case as futile because Herrera's claims clearly fail as a matter of law. Dismissal of the case, however, will be without prejudice to Herrera's right to file a new case if he subsequently obtains a court order invalidating his underlying criminal sentence. *See Heck*, 512 U.S. at 486-87.

## IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss will be granted and this case will be dismissed. An appropriate order shall issue.

*(signature)*
Malachy E. Mannion
United States District Judge

Dated: 1/13/25
24-202-01